No. 24,377.

ELLA M. MILLER, *Appellee*, v. THE COLUMBIAN CIRCLE, *Appellant.*

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Consolidation of Beneficiary Societies—Contract for Reinsurance.* The interpretation placed on the contract for the reinsurance of members of a fraternal benefit society which was consolidated with another beneficiary society in *Roper v. Columbian Circle, ante,* p.—, followed and applied.

2. SAME—*Reinsurance Contract—The Amount of Benefits to Which Beneficiary Is Entitled.* The fact that a member had no actual notice of the consolidation and reinsurance nor opportunity to avail himself of an option given under the contract of reinsurance, to pay higher rate of assessment and be thereby entitled to a larger benefit prior to his death, did not entitle the beneficiary to a greater benefit than was provided for in the contract, being the proportionate share based on the assessments which had been paid.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed April 7, 1923. Reversed.

*A. M. Harvey, Ralph T. O'Neil,* both of Topeka, and *S. C. Westcott,* of Galena, for the appellant; *William H. Beckman,* of Chicago, Ill., of counsel.

*E. B. Morgan,* of Galena and *Charles R. Warden,* of Joplin, Mo., for the appellee; *W. A. S. Bird,* of Topeka, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: On February 21, 1902, Calvin S. Miller became a member of the Sons & Daughters of Justice, and a certificate was issued to him for $2,000. He paid all assessments and dues required by that society up to the time of his death, which occurred on November 17, 1920. The society had failed to meet its financial obligations and had liabilities in excess of its assets to the extent of

$16,126, and its liabilities over its receipts were increasing at the rate of $10,000 per month. In a proceeding brought in the district court, a receiver for the society was appointed on August 17, 1920, upon the ground of insolvency. Negotiations were begun by the receiver and the officers of the society with the Columbian Circle, an Illinois organization, for the reinsurance of the members of the Sons & Daughters of Justice. A contract was made, with the approval of the court, which was ratified by the members of the so-·ciety, approved by the insurance departments, and became effective on October 22, 1920. Proofs of death were made, whereupon the defendant tendered to the plaintiff the sum of $462.28 as payment in full for her claim as beneficiary. The amount was calculated on the basis of the American Experience Table of Mortality, as provided in the contract of reinsurance. Notices were sent of the merger and the provisions of the contract to the insured, but they did not reach his home until after his death. The jury, under instructions of the court, returned a verdict in favor of the appellee in the sum of $2,000 with interest from date of his death.

The errors assigned are based largely on the instruction of the court. The court advised the jury that under the contract of reinsurance class "A" members, including the deceased, Miller, had been reinsured, that the defendant had the right to re-rate the members on the basis of the table of mortality stated in the contract, and that class "A" members electing to pay the present assessment rates would be entitled to benefits in proportion to the assessments paid on the basis of that table, and that defendant had agreed to give all members options to transfer without medical examination to any of its rate tables on the basis mentioned. The following instruction was then given:

"You are instructed that if you find that said deceased, Calvin S. Miller, paid all dues and assessments that were due and payable up to the time of his death, that had been required by the beneficiary society, and that the said defendant, prior to the death of said Miller, did not give to said deceased any notice of any re-rating or any new rates that may have been put into effect or required and did not give him the option to transfer to rate tables based on the American Experience Table of Mortality, and that the said Miller died on the 17th day of November, 1920, without having received any notice or having any knowledge of any re-rating or new rates that may have been put into effect or required by said defendant, then the plaintiff herein would be entitled to recover the amount of the beneficiary certificate, together with interest on said amount at the rate of six per cent from the date of the death of said Calvin S. Miller; but if you do not so find, then

Miller v. Columbian Circle.

plaintiff would be entitled to recover only the amount tendered by defendant, to wit: $462.28."

In answer to special questions submitted the jury found that the defendant did not, prior to the death of Miller, give him any opportunity to elect whether or not he would continue to pay the rates he had been paying prior to the merger, or whether he would pay the rates at which the defendant re-rated its members. There was a further finding that the defendant began collecting advanced rates from the members of the Sons & Daughters of Justice on January 1, 1921, and further that Miller never received any notice of an advanced assessment or change of rates prior to his death.

On the part of the plaintiff it is contended that under the contract of reinsurance the members were automatically reinsured in the defendant society for the full amount of their policies until a re-rating was made and the member had been given an option to transfer to a different class, and that as no re-rating was made and no opportunity for an election given, the former rates as fixed under the old certificate were still in force and the defendant was liable for the full amount provided for in the certificate. The reinsurance contract is the one which was considered and interpreted in *Roper v. Columbian Circle*, just decided. The terms of that contract fixes the liabilty of the defendant to the reinsured members of the Sons & Daughters of Justice. The members of class "A", the one to which Miller belonged, were entitled to benefits in proportion to the assessment which he was paying, based on the prescribed mortality tables, and when his death occurred after the merger the beneficiary had no right to the amount named in the certificate of the Sons & Daughters of Justice, nor to anything more than the defendant agreed to pay, and it appears that that amount was tendered by the defendant to the plaintiff. (*Roper v. Columbian Circle*, supra.) It is contended that a different rule applies where notice was not given to members that a merger had been made and where he was without opportunity to elect what rate he would pay and had no opportunity to pay an advanced rate which would entitle him to a larger benefit than he was allowed under the assessments he had been paying. The member was represented by the council of which he was a part, and had agreed to be governed by any law, rule or regulation the organization might make in the future. The contract provided a different rule and regulation as to the benefits to which reinsured members were entitled, and the

validity of the contract is not attacked, but instead the plaintiff is asking a recovery under its provisions. While the reinsured members were given the option of chosing a rate upon which benefits would be gauged, and considerable time would be necessary for the exercise of this option by members until the option was exercised and a new contract made with the member, the benefits must necessarily be determined on the basis of the rates that had been paid. The fact that some had not exercised the option did not give them a preferred or greater right to benefits than was given to those who had made the election. It is true that Miller, if he had learned of the merger, might have elected to pay an advanced assessment, in which case his beneficiary would have been entitled to a larger benefit upon his death, but whether the option has been exercised or not the defendant is liable only to the extent stipulated in the contract, and that as we have seen is to be measured by the assessments that have been paid. It would be an illegal discrimination to allow one member a larger benefit than others of the same class who were paying like assessments. As said in the concurring opinion of Mr. Justice Dawson, in *Williams v. Insurance Union,* 107 Kan. 214, 191 Pac. 291;

"In such a situation no one member is equitably entitled to a preference— to an exaction of the uttermost farthing; he is equitably entitled to a *pro rata* division with his fellow members and no more."

The instructions were out of harmony with the provisions of the contract, and upon the conceded facts the plaintiff was not entitled to recover more than the amount tendered by the defendant. The judgment is therefore reversed, with directions to set aside the verdict and to enter judgment for plaintiff in the amount of $462.28, with interest thereon from the time of the death of the insured.

(HARVEY, J., not sitting.)